United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-821-1 |
| | § | |
| TERRI DELGADO, | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Terri Delgado's letter motion for home confinement. D.E. 43.

### I. BACKGROUND

In March 2018, Defendant pled guilty to possession with intent to distribute 11.99 kilograms of cocaine. He has served roughly 22 months (18%) of his 120-month sentence and has a projected release date of December 24, 2026. Defendant is currently in custody at FCI Beaumont Low and states that he was recently diagnosed with Multiple Sclerosis (MS) at age 25. He now moves the Court to order that he be allowed to serve the remainder of his sentence in home confinement because he fears contracting COVID-19 in prison.

### II. LEGAL STANDARD

In a March 26, 2020, Memorandum, Attorney General William Barr directed the BOP Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020 Memo from the Attorney General, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, *available at* https://www.justice.gov/coronavirus/DOJ response (last visited 4/28/2020). The March 26 directive was limited to *eligible* "at-risk inmates

who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, *available at* https://www.justice.gov/coronavirus/DOJresponse (last visited 4/28/2020). General Barr directed the BOP Director to review all inmates with COVID-19 risk factors—not only those who were previously eligible for home confinement—starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

### III. ANALYSIS

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.[1] The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated in Beaumont, Texas, which is located in the Eastern District of Texas. Thus, assuming Defendant remains incarcerated in Beaumont, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

To the extent Defendant seeks a sentence reduction, he should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court, also after first exhausting his administrative remedies.

### IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion for home confinement (D.E. 43) is **DENIED**.

It is so **ORDERED** this 4th day of May, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1. Even if it did, Defendant has offered no evidence that he is considered at-risk for COVID-19 complications because of his MS or that he is being housed at a facility where COVID-19 is materially affecting operations.