United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:17-821** |
| | § | |
| **TERRI DELGADO,** | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Terri Delgado's letter motion for compassionate release. D.E. 45.

### I. BACKGROUND

In March 2018, Defendant pled guilty to possession with intent to distribute 11.99 kilograms of cocaine. He has served roughly 26 months (22%) of his 120-month sentence and has a projected release date of December 24, 2026. Defendant was recently diagnosed with multiple sclerosis and now moves the Court for compassionate release because he fears contracting COVID-19 in prison. He submitted a written request for compassionate release to the warden at FCC Beaumont, but his request was denied because he: (1) was not identified by the Health Services Department as being medically at-risk for COVID-19 complications; (2) has not served at least 50% of his sentence; and (3) has a high risk PATTERN score. D.E. 45-1.

### II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the

1

>>defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

>**(A) Medical Condition of the Defendant.—**
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>(ii) The defendant is—
>>>(I) suffering from a serious physical or medical condition,
>>>(II) suffering from a serious functional or cognitive impairment, or
>>>(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant. –**

        The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

    **(C) Family Circumstances. –**

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    **(D) Other Reasons. –**

        As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

    Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

With respect to motions for compassionate release based on COVID-19:

A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

### III. ANALYSIS

Defendant has submitted medical records showing that he was diagnosed with multiple sclerosis (MS) in February 2020, which he claims places him at a higher risk for complications or death should he contract COVID-19 while incarcerated. The Centers for Disease Control and Prevention has not identified MS an underlying medical condition that may create an increased risk of severe illness or death from COVID-19.[1] According to the National Multiple Sclerosis Society, "Current evidence suggests that simply having MS does not increase the risk of dying from COVID-19. However, the possible long-term consequences of having MS may make people more susceptible to having a severe case of COVID-19. The risk of having to go to

---

1. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness or death from COVID-19. *People Who Are at Higher Risk for Severe Illness*, CDC (June 25, 2020), www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html?. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; and Type 2 diabetes mellitus. *Id.* People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus. *Id.*

hospital for COVID-19 rises with age, progressive MS and higher levels of disability." National Multiple Sclerosis Society, *Coronavirus Risk for People Living with Multiple Sclerosis (MS)*, https://www.nationalmssociety.org/coronavirus-covid-19-information/multiple-sclerosis-and-coronavirus (last visited July 14, 2020). Defendant is 25 years old, was only recently diagnosed with MS, and has not offered evidence that he has progressive MS or is disabled. Based on current guidelines, he is not at a higher risk for severe illness or death should he contract COVID-19. The Court is also without sufficient information regarding Defendant's disciplinary history while in prison to determine whether he poses a danger to the community if released.

While the Court sympathizes with Defendant's plight, "[t]he Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 45) is **DENIED**. His request for appointment of counsel is further **DENIED** as moot.

It is so **ORDERED** this 20th day of July, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE